RICHARD S. WEGREN et al., Plaintiffs-Appellants, v. EDWARD J. BARRETT, County Clerk of Cook County, et al., Defendants-Appellees.

(No. 56889;

First District (3rd Division)—June 28, 1973.

Schippers, Betar, Lamendella & O'Brien, of Chicago, (David P. Schippers, of counsel,) for appellants.

Bernard Carey, State's Attorney, of Chicago, (Vincent Bentivenga, Jr. and James A. Rooney, Assistant State's Attorneys, of counsel,) for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is a class action brought by the plaintiffs in their own behalf and on the behalf of all other persons similarly situated for declaratory judgment and to enjoin the County Clerk of Cook County and others from imposing and collecting a fee for the issuance of marriage licenses in Cook County. The plaintiffs also sought an order of court directing the defendants to refund allegedly illegally collected monies for the issuance of marriage licenses during the period between September 22, 1969, through April 27, 1971. The trial court granted the defendants' motion to strike and dismiss the complaint, and the plaintiffs appeal from that order. In this appeal the plaintiffs contend that because the County Clerk had no statutory authority to collect a fee for the issuance of marriage licenses between September 22, 1969, and April 27, 1971, their class action seeking to recover the fees collected by the County Clerk during this period constituted a good cause of action and was improperly dismissed by the trial court.

We affirm.

The action arises out of an oversight on the part of the Illinois General Assembly in amending certain sections of the Illinois Revised Statutes. Prior to September 22, 1969, the County Clerk of Cook County was specifically authorized to collect a $10 fee for the issuance of marriage licenses. That authority was found in two specific provisions of Illinois law, Ill. Rev. Stat. 1967, ch. 89, par. 11(a), and Ill. Rev. Stat. 1967, ch. 53, par. 73. Both of these sections authorized the clerks of counties of the third class to impose and collect a $10 fee for every marriage license issued by them. Complicating this duplication of authority was the fact that the Illinois Constitution was amended, effective January 1, 1964, and as a result of this amendment the offices of fee officers and masters in chancery were abolished as part of our judicial structure.

In order to implement the new Judicial Article by removing all reference to the abolished judicial offices then contained in the Illinois Revised Statutes and at the same time to remove the redundant authority given to the County Clerk to collect fees for the issuance of marriage licenses, the General Assembly approved a number of amendments to the Revised Statutes on September 22, 1969. Among these measures was Senate Bill No. 479 which, when signed by the governor, became P.A. 76-1414. This Act amended Chapter 53, Section 73 to conform that section to the new Judicial Article. However, that measure also deleted, among other things, the clause which authorized the County Clerk of Cook County to collect marriage license fees. Also approved on September 22, was House Bill No. 2103, which became P.A. 76-1519 and completely repealed Chapter 89, Section 11(a).

As a result of this legislative action, the plaintiff alleges the County Clerk of Cook County was without any authority whatsoever to collect fees for the issuance of marriage licenses from September 22, 1969, until April 27, 1971, the date House Bill No. 1340 was approved reinstituting the statutory authority of the Clerk to collect the marriage license fee. The Clerk did collect a $10 fee for every license he issued during that period, a sum the plaintiff is seeking to recover in this suit. The defendants argue that the Clerk validly charged the plaintiffs a $10 fee for every marriage license issued in Cook County after September 22, 1969, because it was never the legislative intent of the General Assembly to remove the Clerk's authority to collect such fees.

■■ The case of *Carey v. Elrod* (1971), 49 Ill.2d 464, 275 N.E.2d 367, is dispositive of the issue presented in the instant case, and we will follow that holding and affirm the decision of the trial court. In *Carey* the plaintiff brought an action to contest the election of the successful candidate for the office of sheriff of Cook County. As a condition to hearing the election contest, the trial court ordered the plaintiff to deposit with the court the estimated costs that would be incurred in a recount. The plaintiff failed to do so, and the action was dismissed. On appeal the plaintiff contended that there was no statutory provision permitting the court to order such a deposit. In its opinion the Supreme Court pointed out that prior to September, 1969, Ill. Rev. Stat. 1967, ch. 46, par. 23-23, did give the trial court the authority to require such a deposit but, in that month, due to an oversight, the General Assembly amended that section of the election code and deleted the paragraph requiring the deposit of costs in an election contest. Recognizing the fact that a portion of the statute was deleted in 1969, the Supreme Court, nevertheless, affirmed the dismissal order saying:

"We cannot find any intent on the part of the legislature to

abolish these procedural provisions which are so necessary and important in the conduct of an election contest. Rather, we agree that under the circumstances in which the bill amending section 23-23 was submitted, the intent of the legislature was only to eliminate the reference to masters in chancery—a housekeeping procedure to cause the section to conform to the new Judicial Article.

Under these circumstances, we interpret the statute to still include the paragraph specifically deleted by the legislature, except for the reference to masters in chancery. We have authority to read into statutes language omitted by oversight. *People v. Hudson*, 46 Ill.2d 177, 181; *People ex rel. Cason v. Ring*, 41 Ill.2d 305, 310-316 incl." 49 Ill.2d 464, 470.

The court further noted that the traditional rules of statutory construction are employed for the purpose of determining legislative intent, and that those rules which lead to a result contrary to the legislative intent otherwise evidenced, must yield to that intent. The court also pointed to its prior decision recognizing that "if the intention of the legislature can be determined with certainty, words of a statute may be added, deleted or changed if necessary to achieve that intent.  *  *  *. The object of construing a statute is to ascertain and give effect to the intention of the legislature. The intention of the lawmakers is the law." 49 Ill.2d 464, 472.

The controversy in the *Carey* case arose from the approval of a package of bills drafted by the Director of the Administrative Office of the Illinois Courts. That package of proposed legislation also included Senate Bill 479, which is the cause of controversy in this case. When this proposed legislation was sent to the Judicial Advisory Council, the Director of the Administrative Office of the Illinois Courts assured the Council that the bills were necessary to amend the statutes to conform to the new Judicial Article of the Illinois Constitution and that "these bills made no substantive changes in the law." Upon the assurance that it was only a housekeeping bill, Senate Bill 479 was approved and became law as P.A. 76-1414.

■■ The true legislative intent in the instant case is further evidenced by the fact that the legislature, when made aware of the substantive change caused by the amendment to Chapter 53, Section 73, restored the pertinent deleted language of the section by approving House Bill 1340, which became P.A. 77-24 (Ill. Rev. Stat. 1971, ch. 53, par. 73) on April 27, 1971. On the question of prior intent of the legislature, it is appropriate for us to consider this recent legislative action. *People v. Hudson* (1971), 46 Ill.2d 177, 263 N.E.2d 473.

■■ All of the circumstances taken into account by the Supreme Court in *Carey* apply as well to the controversy in this case, and for these reasons we conclude that the legislature intended only to delete from Ill. Rev. Stat. 1967, ch. 53, par. 73, the references to masters in chancery, and to retain that portion of the statute allowing the County Clerk to collect fees for the issuance of marriage licenses.

The order of the trial court dismissing the complaint is affirmed.

Order affirmed.

SCHWARTZ and McNAMARA, JJ., concur.